Dear Mr. Carnes:
This letter is being issued as an addendum to Opinion No. 299-1973, in response to your request in which you ask for a clarification of the term "closed record" as it is used in Section 610.100, RSMo Supp. 1975. Specifically you ask "if an arrest record is closed pursuant to Section 610.100, RSMo Supp. 1975, who has access to the closed record and for what purposes." Opinion No. 299-1973 addresses itself to that issue. That opinion states that arrest records which have been closed pursuant to Section 610.100, "are available to law enforcement agencies, including the arresting agency, only for purposes of litigation, and otherwise must be closed to all persons." Opinion No. 299 reaches this conclusion because Section 610.100 contemplates that charges might be filed more than thirty days after a person is arrested. Such a charge would not be possible if the arresting agency, the prosecuting attorney and other law enforcement officials did not have access to the specific information contained in the original arrest record. A record closed pursuant to Section 610.100, therefore, is open to law enforcement officials solely for the purpose of prosecuting an individual for the charge which arose out of the arrest. A law enforcement official who does not need the information in the "closed record" to prosecute the underlying offense should not be given access to the record.
This office is aware of the opinion issued on September 9, 1975, by Keith P. Bondurant, Judge of the Circuit Court, Sixteenth Judicial Circuit Court of Missouri, in the proceeding Edwin T. S.Miller v. City of Kansas City, No. CV 76-2391. In that case Judge Bondurant held that the administrator of the Municipal Court of Kansas City was required to allow auditors for the City of Kansas City to inspect records which had been closed pursuant to Section 610.100, RSMo Supp. 1975. Since Judge Bondurant's decision was not appealed to a higher court it is binding on the parties but does not set a rule of law which is required to be followed on a statewide basis.
Very truly yours,
 JOHN ASHCROFT Attorney General